(51 South. 289.)

No. 18,037.

STATE v. JOHNSON.

(Jan. 31, 1910.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 406*)—EVIDENCE—LETTER WRITTEN BY DEFENDANT.

A letter dictated by the defendant, and which tends to prove a material element of the crime charged, is properly admissible in evidence, and testimony to identify it is also admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 894–896; Dec. Dig. § 406.*]

2. WITNESSES (§ 383*)—IMPEACHMENT—LETTER WRITTEN BY DEFENDANT—COLLATERAL MATTERS.

The letter bore on a material allegation in the pleadings, and did not tend to prove a collateral fact, but was properly admissible to contradict the accused in regard to a material fact.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1224; Dec. Dig. § 383.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Willis Johnson was convicted of crime, and appeals. Affirmed.

B. H. Litchenstein, for appellant. Walter Guion, Atty. Gen., and James M. Foster, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

BREAUX, C. J. The grand jury of the parish of Caddo, on the 27th of October, 1909, found a true bill against Willis Johnson, who was over 17 years of age, for felonious and carnal knowledge of an unmarried female, named in the indictment, aged between 12 and 18 years.

Defendant was arraigned on the 10th day of November last.

He was found guilty by the jury and condemned to serve a term of five years in the penitentiary.

Counsel for defendant in his brief before this court states that he has abandoned all other bills of exceptions save two.

We have read the points abandoned, and found no reason to infer that they should not have been abandoned.

In the first bill of exceptions taken, it is stated that on the trial the district attorney offered to examine a witness regarding the contents of a letter, written 10 or 15 years anterior to the date of the trial by some one else than the defendant. This bill states:

"Which the defendant says he dictated, a part of; that he merely told 'the writer certain things that he wanted in the letter,' to wit, 'the fact and date of the death of a woman supposed to be his wife, the mother of the two girls who testified in the case'—to which line of inquiry and to which evidence counsel for defendant objected."

The objection was overruled by the trial court, holding that:

"The question put was for the purpose of identifying the letter which the defendant had stated as a witness he had caused to be written."

It appears that in some way this was pertinent to prove the age of the female mentioned in the indictment.

This letter could not have been admitted without the proof.

Defendant's counsel states in the brief that the defendant is a negro and could neither read nor write.

Of this there is no proof in the record.

Dictating the letter, or suggesting its contents to the one who wrote it, was the act of the defendant.

In the statement of the trial judge, contained in the bill of exceptions, it was possible to consider the letter as his, and as setting out his utterances at the time. The letter was pertinent to the issue and properly admitted.

In the second bill of exception, defendant objected to the same letter as that above on the ground that it was not admissible, as it contained a statement of a collateral fact, and because, as it was a collateral fact, the witness could not be impeached by contradicting him.

The court in the per curiam said that it was admitted for the purpose of contradicting the defendant as a witness on a material point.

The advanced age of the defendant, and the fact that he is unlettered, afford no good ground of objection, even if the facts were before the court. They are not.

The evidence brought up in the bill of exceptions was that the proof is, as stated by the district judge, that the defendant prompted the letter. It was admitted to contradict the defendant in regard to a material fact, as before stated.

The ruling affords no good ground of objection.

We will add that there is no merit in the ground of the defense that the defendant had testified as to a collateral issue, and in regard to which he could not be impeached; defendant citing State v. Donelon, 45 La. Ann. 744, 12 South. 922. It does not appear that the fact sought to be proven presented a collateral issue. On the contrary, the uncontradicted statement of the bill of exceptions shows that it bore on a material point. It was admissible because the fact sought to be proven was relevant to an issue in the case under the pleadings, to wit, the age of the female with whom it was charged that the defendant had carnal knowledge. It was admissible to discredit the witness. It follows that the objection that it was a collateral fact was not serious.

We are unable to disturb the verdict of the jury and the sentence of the court on the ground urged by the defendant.

For reasons assigned, the verdict of the jury and the judgment of the court are affirmed.